CSM LEGAL, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
JOSUE CASCO, *individually and on behalf of others similarly situated,*

        *Plaintiff*,

-against-

WESTCHESTER PREMIER BUILDERS INC. (D/B/A WESTCHESTER PREMIER BUILDERS INC.) and ANTHONY QUATTRONE,

        *Defendants.*
-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER 29 U.S.C. § 216(b)**

**ECF Case**

Plaintiff Josue Casco ("Plaintiff Casco" or "Mr. Casco"), individually and on behalf of others similarly situated, by and through his attorneys, CSM Legal, P.C., upon his knowledge and belief, and as against Westchester Premier Builders Inc. (d/b/a Westchester Premier Builders Inc.), ("Defendant Corporation") and Anthony Quattrone, ("Individual Defendant"), (collectively, "Defendants"), alleges as follows:

## NATURE OF ACTION

1. Plaintiff Casco is a former employee of Defendants Westchester Premier Builders Inc. (d/b/a Westchester Premier Builders Inc.) and Anthony Quattrone.

2. Defendants own, operate, or control a construction company, located at 293 South Road Holmes, NY 12531, under the name "Westchester Premier Builders Inc.".

3. Upon information and belief, individual Defendant Anthony Quattrone, serve or served as owner, manager, principal, or agent of Defendant Corporation and, through this corporate entity, operates or operated the construction corporation as a joint or unified enterprise.

4. Plaintiff Casco was employed as a carpenter and painter at the construction corporation located at 293 South Road Holmes, NY 12531.

5. At all times relevant to this Complaint, Plaintiff Casco worked for Defendants in excess of 40 hours per week, without appropriate overtime compensation for the hours that he worked.

6. Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Casco appropriately for any hours worked, either at the straight rate of pay or for any additional overtime premium.

7. Defendants' conduct extended beyond Plaintiff Casco to all other similarly situated employees.

8. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Casco and other employees to work in excess of forty (40) hours per week without providing the overtime compensation required by federal and state law and regulations.

9. Plaintiff Casco now brings this action on behalf of himself, and other similarly situated individuals, for unpaid overtime wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq*. (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

10. Plaintiff Casco seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

11. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Casco's state law claims under 28 U.S.C. § 1367(a).

12. Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a construction company located in this district. Further, Plaintiff Casco was employed by Defendants in this district.

**PARTIES**

*Plaintiff*

13. Plaintiff Josue Casco ("Plaintiff Casco" or "Mr. Casco") is an adult individual residing in Highland, New York.

14. Plaintiff Casco was employed by Defendants at Westchester Premier Builders Inc. from approximately August 15, 2022, until on or about December 12, 2022.

15. Plaintiff Casco consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

16. At all relevant times, Defendants own, operate, or control a construction company, located at 293 South Road Holmes, NY 12531 under the name "Westchester Premier Builders Inc."

17. Upon information and belief, Westchester Premier Builders Inc. (d/b/a Westchester Premier Builders Inc.) is a domestic corporation organized and existing under the laws of the State

of New York. Upon information and belief, it maintains its principal place of business at 293 South Road Holmes, NY 12531.

18. Defendant Anthony Quattrone is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Anthony Quattrone is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Anthony Quattrone possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Casco, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

19. Defendants operate a construction company located in a neighborhood in Holmes, New York.

20. Individual Defendant, Anthony Quattrone, possesses operational control over Defendant Corporation, possesses ownership interests in Defendant Corporation, and controls significant functions of Defendant Corporation.

21. Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

22. Each Defendant possessed substantial control over Plaintiff Casco's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Casco, and all similarly situated individuals, referred to herein.

23. Defendants jointly employed Plaintiff Casco (and all similarly situated employees) and are Plaintiff Casco's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

24. In the alternative, Defendants constitute a single employer of Plaintiff Casco and/or similarly situated individuals.

25. Upon information and belief, Individual Defendant Anthony Quattrone operates Defendant Corporation as either an alter ego of himself and/or fails to operate Defendant Corporation as an entity legally separate and apart from himself, by among other things:

   a) failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

   b) defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

   c) transferring assets and debts freely as between all Defendants,

   d) operating Defendant Corporation for his own benefit as the sole or majority shareholder,

   e) operating Defendant Corporation for his own benefit and maintaining control over this corporation as a closed Corporation,

   f) intermingling assets and debts of his own with Defendant Corporation,

   g) diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect his own interests, and

   h) Other actions evincing a failure to adhere to the corporate form.

26. At all relevant times, Defendants were Plaintiff Casco's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Casco, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Casco's services.

27. During 2022, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

28. In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the construction corporation on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

29. Plaintiff Casco is a former employee of Defendants who was employed as a carpenter and painter.

30. Plaintiff Casco seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Josue Casco*

31. Plaintiff Casco was employed by Defendants from approximately August 15, 2022, until on or about December 12, 2022.

32. Defendants employed Plaintiff Casco as a carpenter and a painter.

33. Plaintiff Casco regularly handled goods in interstate commerce, such as construction materials and other supplies produced outside the State of New York.

34. Plaintiff Casco's work duties required neither discretion nor independent judgment.

35. Throughout his employment with Defendants, Plaintiff Casco regularly worked in excess of 40 hours per week.

36. Even though his exact start and end time would vary, throughout his employment, Plaintiff regularly worked from approximately 7:00 a.m. until on or about 5:00 p.m. to 7:00 p.m.

37. From approximately August 12, 2022, until on or about August 31, 2022, Plaintiff Casco worked approximately 53.5 hours per week.

38. From approximately September 1, 2022, until on or about September 30, 2022, Plaintiff Casco worked approximately 53.5 to 56 hours per week.

39. From approximately October 1, 2022, until on or about October 31, 2022, Plaintiff Casco worked approximately 51 to 53.5 hours per week.

40. From approximately November 1, 2022, until on or about November 13, 2022, Plaintiff Casco worked approximately 53.5 to 56 hours per week.

41. From approximately November 14, 2022, until on or about November 18, 2022, Plaintiff Casco worked approximately 56 hours per week.

42. From approximately November 21, 2022, until on or about December 2, 2022, Plaintiff Casco worked approximately 51 to 52 hours per week.

43. From approximately December 5, 2022, until on or about December 9, 2022, Plaintiff Casco worked approximately 40.5 hours that week.

44. Throughout his employment, Defendants paid Plaintiff Casco his wages by check.

45. From approximately August 15, 2022, until December 12, 2022, Defendants have paid Plaintiff Casco $60.00 per hour, without the appropriate overtime premium.

46. Additionally, Defendants did not pay Plaintiff Casco approximately 4 weeks' worth of wages.

47. Plaintiff Casco's pay did not vary even when he was required to stay later or work a longer day than his usual schedule.

48. For example, Defendants required Plaintiff Casco to work an additional about 2 hours before or after his scheduled departure time every day, and did not pay him for the additional time he worked.

49. Plaintiff Casco was not required to keep track of his time, nor to his knowledge, did the Defendants utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

50. No notification, either in the form of posted notices or other means, was ever given to Plaintiff Casco regarding overtime and wages under the FLSA and NYLL.

51. Defendants did not provide Plaintiff Casco an accurate statement of wages, as required by NYLL 195(3).

52. Defendants did not give any notice to Plaintiff Casco, in English and in Spanish (Plaintiff Casco's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

53. Defendants required Plaintiff Casco to purchase "tools of the trade" with his own funds—including gasoline, paint and other tools.

*Defendants' General Employment Practices*

54. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Casco (and all similarly situated employees) to work in excess of 40 hours a week without paying him appropriate overtime compensation as required by federal and state laws.

55. Plaintiff Casco was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

56. Defendants habitually required Plaintiff Casco to work additional hours beyond his regular shifts but did not provide him with any additional compensation.

57. Defendants willfully disregarded and purposefully evaded recordkeeping requirements of the FLSA and NYLL by failing to maintain accurate and complete timesheets and payroll records.

58. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

59. Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Casco (and similarly situated individuals) worked, and to avoid paying Plaintiff Casco properly for his full hours worked.

60. Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

61. Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Casco and other similarly situated former workers.

62. Defendants failed to provide Plaintiff Casco and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

63. Defendants failed to provide Plaintiff Casco and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

64. Plaintiff Casco brings his FLSA overtime compensation and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

65. At all relevant times, Plaintiff Casco and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required overtime pay at a one and one-half their regular rates for work in excess of forty (40) hours per workweek under the FLSA and willfully failing to keep records under the FLSA.

66. The claims of Plaintiff Casco stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA

67. Plaintiff Casco repeats and realleges all paragraphs above as though fully set forth herein.

68. At all times relevant to this action, Defendants were Plaintiff Casco's employers (and employers of the putative FLSA Class members) within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203(d). Defendants had the power to hire and fire Plaintiff Casco (and the FLSA Class members), controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for his employment.

69. At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

70. Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act. 29 U.S.C. § 203 (r-s).

71. Defendants, in violation of 29 U.S.C. § 207(a)(1), failed to pay Plaintiff Casco (and the FLSA Class members) overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

72. Defendants' failure to pay Plaintiff Casco (and the FLSA Class members), overtime compensation was willful within the meaning of 29 U.S.C. § 255(a).

73. Plaintiff Casco (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

## VIOLATION OF THE OVERTIME PROVISIONS
## OF THE NEW YORK STATE LABOR LAW

74. Plaintiff Casco repeats and realleges all paragraphs above as though fully set forth herein.

75. Defendants, in violation of N.Y. Lab. Law § 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff Casco overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a work week.

76. Defendants' failure to pay Plaintiff Casco overtime compensation was willful within the meaning of N.Y. Lab. Law § 663.

77. Plaintiff Casco was damaged in an amount to be determined at trial.

## THIRD CAUSE OF ACTION

## VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW

78. Plaintiff Casco repeats and realleges all paragraphs above as though fully set forth herein.

79. Defendants failed to provide Plaintiff Casco with a written notice, in English and in Spanish (Plaintiff Casco's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

80. Defendants are liable to Plaintiff Casco in the amount of $5,000, together with costs and attorneys' fees.

## FOURTH CAUSE OF ACTION

## VIOLATION OF THE WAGE STATEMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

81. Plaintiff Casco repeats and realleges all paragraphs above as though fully set forth herein.

82. With each payment of wages, Defendants failed to provide Plaintiff Casco with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

83. Defendants are liable to Plaintiff Casco in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

## RECOVERY OF EQUIPMENT COSTS

84. Plaintiff Casco repeats and realleges all paragraphs above as though fully set forth herein.

85. Defendants required Plaintiff Casco to pay, without reimbursement, the costs and expenses for purchasing and maintaining equipment and "tools of the trade" required to perform his

job, further reducing his wages in violation of the FLSA and NYLL. 29 U.S.C. § 206(a); 29 C.F.R. § 531.35; N.Y. Lab. Law §§ 193 and 198-b.

86.     Plaintiff Casco was damaged in an amount to be determined at trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Casco respectfully requests that this Court enter judgment against Defendants by:

(a)     Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)     Declaring that Defendants violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Casco and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Casco's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Casco and the FLSA Class members;

(e)     Awarding Plaintiff Casco and the FLSA Class members damages for the amount of unpaid overtime compensation and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Casco and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid overtime compensation, and damages for any improper deductions or credits taken against wages under the FLSA as applicable

pursuant to 29 U.S.C. § 216(b);

(g) Declaring that Defendants violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Casco;

(h) Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Casco's compensation, hours, wages and any deductions or credits taken against wages;

(i) Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Casco;

(j) Awarding Plaintiff Casco damages for the amount of unpaid overtime compensation, and for any improper deductions or credits taken against wages as applicable

(k) Awarding Plaintiff Casco damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

(l) Awarding Plaintiff Casco liquidated damages in an amount equal to one hundred percent (100%) of the total amount of overtime compensation shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

(m) Awarding Plaintiff Casco and the FLSA Class members pre-judgment and post-judgment interest as applicable;

(n) Awarding Plaintiff Casco and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

(o) Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

(p)  All such other and further relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Casco demands a trial by jury on all issues triable by a jury.

Dated: New York, New York

February 13, 2023

        CSM LEGAL, P.C

By:     /s/ Catalina Sojo, Esq.
Catalina Sojo [CS-5779517]
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

# CSM Legal, P.C.
Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510  
New York, New York 10165

Telephone: (212) 317-1200  
Facsimile: (212) 317-1620

catalina@csmlegal.com

January 20, 2023

BY HAND

TO:   Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.  
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:          Josue Casco

Legal Representative / Abogado:   CSM Legal, P.C.

Signature / Firma:      _[signature]_

Date / Fecha:           20 de Enero de 2023

*Certified as a minority-owned business in the State of New York*